# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CRYSTAL LYNN JACKSON,<br><br>　　　　　　Defendant. | CR-22-22-GF-BMM<br><br>ORDER |

　　　　Defendant Crystal Lynn Jackson ("Jackson") has moved for early termination of her current term of supervised release. (Doc. 132.) The Court conducted a hearing on Jackson's motion on January 15, 2024. (Doc. 135.) The Government deferred to the Court on Jackson's motion (Doc. 135.) The Court now grants Jackson's motion.

　　　　Jackson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. §§ 2 and 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 46.) The Court sentenced Jackson to the custody of the Bureau of Prisons on January 11, 2023, for a term of 7 months, one month on one count and six months on the other count, to run consecutively, followed by three years of supervised release on one count and one year on the other count to run concurrently. (Doc. 98.) Jackson started her term of supervision on July 25, 2023 (Doc. 133.)

1

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Jackson's supervised release. Adequate punishment has been imposed that reflects the seriousness of Jackson's offense. Jackson is scheduled to be discharged from supervised release on July 24, 2026. (*Id.*)

Jackson has struggled while on supervision. Jackson has two reported violations; both were for her sweat patch returning positive for methamphetamine (Doc. 133 at 2-3.) Jackson claims they came back positive because of her work environment at the Travelodge motel in Great Falls, Montana. (*Id.*) After her sweat patch testing positive on one occasion for methamphetamine Jackson admitted to consuming alcohol, also in violation of her supervision. (*Id* at 3.) Jackson's probation officer reported "besides the drinking episode, she has done well." Jackson has kept stable employment and reconnected with her children. (*Id.*) Jackson regularly attends mental health counseling sessions and is providing negative urinalysis drug screens. (*Id.*)

Jackson has bounced back since her violation and is now working three jobs. Jackson owns her own home and lives with her two children. Jackson has been able to stay drug free and has promotion opportunities at work. (Doc. 133.)

The early termination of Jackson's supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Jackson' Motion for Early Termination of Supervised Release (Doc. 132) is **GRANTED**.

DATED this 16th day of January, 2025.

_____
Brian Morris, Chief District Judge
United States District Court